UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AMY BEALOR, | ) | |
|---|---|---|
| Plaintiff; | ) | |
| v. | ) | CAUSE NO. 3:13-cv-26-TLS-CAN |
| REVENUE REPORTING SERVICES and JASON SCHNECKENBERGER, | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Order to Show Cause filed on November 12, 2014, which seeks a finding of contempt against Defendant, Revenue Reporting Services ("RRS"), for failure to comply with this Court's order dated October 21, 2014. [Doc. No. 26.] On December 18, 2014, the undersigned held a hearing regarding Plaintiff's motion. Plaintiff, Amy Bealor ("Bealor"), and her counsel attended while RRS made no appearance. In light of the dispositive nature of Bealor's request, the undersigned issues the instant report and recommendation as required under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). For the reasons discussed below, the undersigned recommends that Bealor's motion be granted in part and denied in part.

**I.     RELEVANT BACKGROUND**

On May 8, 2013, Bealor filed an Amended Complaint alleging violations of the Fair Debt Collection Practices Act. The Summons and Amended Complaint were served on RRS on August 14, 2013. On August 19, 2013, Defendant Jason Schneckenberger ("Schneckenberger"), on behalf of himself as an individual defendant and on behalf of RRS as its president, filed a putative answer to the Amended Complaint. At Bealor's request, the Court struck Defendants' putative answer on October 11, 2013, because of deficiencies in the answer including

Schneckenberger's attempt as a non-attorney to represent RRS, a corporate defendant. The Court afforded Schneckenberger and RRS time to file an amended responsive pleading. Schneckenberger and RRS never did.

Consequently, on November 19, 2013, Bealor filed a Motion for Clerk's Entry of Default as to Schneckenberger and RRS, which was entered on December 2, 2014. Next, Bealor filed a Motion for Default Judgment against Schneckenberger and RRS on March 20, 2014. This Court entered a Judgment in favor of Bealor and against RRS on July 29, 2014. Notably, the Court refused to enter judgment against Schneckenberger in his individual capacity. The Court awarded Bealor a total of $7,163.00 in statutory damages, actual damages, attorney's fees and costs.

On October 21, 2014, this Court granted Bealor's Motion to Compel Responses to Post Judgment Discovery, ordering RRS to respond to Bealor's post judgment discovery or pay the judgment in full by October 28, 2014. Despite the Court's orders, RRS failed to respond to the post judgment discovery or pay the Judgment, which led Bealor to file the instant motion. On November 14, 2014, the undersigned set this matter for a hearing on December 18, 2014, and ordered "[a]ll parties [to] appear in person with retained counsel." Doc. No. 27 at 1. The Court amended its order on December 8, 2014, clarifying Schneckenberger was not required to attend the hearing because judgment was only entered against RRS. The Court noted that no counsel had entered an appearance on behalf of RRS. The Court further advised RRS that only individuals, not corporations or LLCs, may litigate without legal representation and that argument at the hearing would only be heard from RRS's counsel.

At the hearing on December 18, 2014, only Bealor and her counsel appeared in person. The undersigned provided RRS with a grace period to appear by taking the bench fifteen minutes

later than the designated time and by waiting until more than an hour after the assigned time had passed before adjourning the hearing to ensure that RRS had not misjudged the proper time zone. Despite RRS's absence, the undersigned heard arguments from Bealor regarding her requests for:

> a. An order adjudging [RRS] to be in contempt of this Court;
> b. The issuance of a Writ of Body Attachment directed to Jason Schneckenberger;
> c. The imposition upon [RRS] of a fine of up to $1,000.00 for every day after the issuance of the order that it fails to comply with this Court's Order of October 21, 2014;
> d. The issuance of such further orders as the nature of the case may require and as the Court may deem just and proper to compel obedience to and compliance with the orders and decrees of this Court; and,
> e. Grant [to] Plaintiff any and all additional attorneys' fees and costs for enforcement of the judgment.

Doc. No. 26 at 2. At the undersigned's request, Bealor subsequently filed a supplemental brief addressing this Court's authority to issue a writ of body attachment against a corporation on January 13, 2015. [Doc. No. 32]. In addition, Bealor filed a supplemental bill of costs reflecting an additional $3,303.00 in attorneys' fees incurred during these enforcement proceedings. Since the hearing, RRS has filed nothing with the Court.

## II. ANALYSIS

### A. Contempt

Civil contempt differs from criminal contempt in that it seeks only to coerce the defendant to comply with what a court has previously ordered him to do. *See Turner v. Rogers*, 131 S. Ct. 2507, 2516 (2011); *Nye v. United States*, 313 U.S. 33, 41-43 (1941). The power to punish for contempt is inherent in all courts. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). The Seventh Circuit has stated that to hold a party in civil contempt, the court

must be able to provide a decree from the court that sets forth with specific detail an unequivocal command, which the party in contempt has violated. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999). The proof for civil contempt need only be clear and convincing. *Dowell*, 257 F.3d at 699.

Here, RRS has consistently failed to participate in the litigation of this case and has now failed to obey two of this Court's orders. First, RRS failed to pay the judgment in full or respond to Bealor's post-judgment discovery requests as ordered. *See* Doc. No. 25 at 1–2 ("The Court **ORDERS** Revenue Reporting Services to pay the judgment in full or respond to Bealor's post-judgment discovery requests by **October 28, 2014**."). Second, RRS failed to appear at the hearing on December 18, 2014, as ordered. *See* Doc. No. 27 at 1 ("All parties must appear in person along with any retained counsel."). RRS was even reminded of its obligation to attend the hearing through the Court's amended scheduling order, which stated:

> The Court **ORDERS** Plaintiff, Plaintiff's counsel, and counsel for RRS to appear in person. . . . [B]ecause RRS is a corporate entity, not an individual, the Court will only hear argument from RRS on Plaintiff's instant motion at the upcoming hearing from counsel. If no counsel appears to represent RRS at the hearing, the undersigned will issue a Report and Recommendation to the presiding judge recommending that Plaintiff's motion be granted.

Doc. No. 29 at 2. Nevertheless, RRS still failed to appear. Therefore, the undersigned recommends that RRS be found in civil contempt.

### B. Remedy

Having recommended that RRS be found in contempt, the undersigned turns toward determining the appropriate remedy for Bealor. The purpose of a civil contempt sanction may be to compel compliance with a court's prior order or compensate a plaintiff for losses sustained due to noncompliance, or both. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *Dowell*, 257 F.3d at 699; *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500,

4

505 (8th Cir. 2000). When deciding which contempt sanction to impose, the court must consider, among other factors, the probably effectiveness of the sanction. *United Mine Workers*, 330 U.S. at 304; *S. Suburban Hous. Ctr. v. Berry*, 186 F.3d 851, 854-55 (7th Cir. 1999). If the court determines that monetary sanctions would be, or are futile, then the court should use other methods, such as a writ of body attachment, to coerce a defendant into complying with the court's orders. *See, e.g.*, *Sauber v. Whetstone*, 199 F.2d 520, 523 (7th Cir. 1952) (stating that the extent of a court's power in civil contempt proceedings is measure by the requirements for full remedial relief); *Edeh v. Carruthers*, No. CIV. 10-2860 RJK/JSM, 2011 WL 4808194, at *5 (D. Minn. Sept. 20, 2011) *report and recommendation adopted sub nom. Edeh v. D. Scott Carruthers Attorneys at Law*, No. CIV. 10-2860 RHK/JSM, 2011 WL 4808191 (D. Minn. Oct. 11, 2011) (ordering the arrest of noncompliant defendant); *Painters Dist. Council No. 2 v. Paragon Painting of Mo., LLC*, No. 4:08CV01501 ERW, 2011 WL 3891870, at *1 (E.D. Mo. Sept. 1, 2011) (granting request for writ of body attachment). In this case, Bealor's requested remedies are uncontested. As a result, the undersigned sees no reason to deny any of the requests except for Bealor's request for a Writ of Body Attachment directed to Schneckenberger.

As stated by Bealor with the support of the Eighth Circuit, a court's contempt power extends to non-parties who have notice of the court's order and who have the responsibility to comply with it. *See Chi. Truck Drivers*, 207 F.3d at 507.[1] The Seventh Circuit has also stated that a court's power in civil contempt proceedings is determined by the requirements for full relief. *See Whetstone*, 199 F.2d at 523. Consequently, the undersigned is convinced that a writ of body attachment directed toward a non-party corporate officer may be an appropriate contempt sanction against a corporation in certain situations.

---

1 Bealor's supplemental brief cited almost exclusively to Eighth Circuit authority. The undersigned's own research of Seventh Circuit authority reveals nothing on the question of whether a writ of body attachment may be issued against the president of a corporation in contempt as presented here in Bealor's motion. Therefore, the undersigned relies upon the Eighth Circuit's persuasive reasoning on this matter.

5

The Court, however, is not persuaded that a writ of body attachment is the proper course of action in this case. To support her request for a writ of body attachment against Schneckenberger, Bealor relies heavily on *Piscitiello v. Delanor, Kemper & Assocs., LLC*, Civil No. 11-2204 (RHK/AJB), 2013 WL 3789723 (D. Minn. July 18, 2013). In *Piscitiello*, the District Court of Minnesota faced facts similar to those presented in this case and issued a body attachment on the president of a corporate defendant held in contempt. Doc. No. 32-3 at 2–4 (*Piscitiello* order for bench warrant dated November 12, 2013). Yet *Piscitello* is distinguishable.

First, the *Piscitello* court said it was "hesitant to recommend imprisonment of [the president of the corporate defendant] without first recommending a less severe monetary sanction." *Piscitiello* decision, 2013 WL 3789723, at *4. The *Piscitello* court did not issue a body attachment until three months after the monetary sanctions that the court had deemed as less severe failed to coerce the defendant's compliance. Doc. No. 32-3 at 2-3.

Second, the court in *Piscitello* specifically required the president of the defendant corporation to appear at a show-cause hearing at which the president did not appear. 2013 WL 3789723, at *4. The court noted the president's disobedience as support for extending its contempt power to the president of the defendant corporation. Doc. No. 32-3 at 3. In contrast, the undersigned specified that Schneckenberger was not required to attend the show-cause hearing. This difference, coupled with fact that RRS has not been subject to any less severe sanctions, leads the undersigned to conclude that a writ of body attachment would be premature until it can be established that the less-severe monetary sanctions requested by Bealor have failed to coerce RRS to comply with the Court's order to pay the judgment in full or respond to Bealor's post judgment discovery.

III.  CONCLUSION

Therefore, for the reasons stated above, the undersigned **RECOMMENDS** that the Court **GRANT** Bealor's motion for order to show cause [Doc. No. 26] and her supplemental motion for attorney fees [Doc. No. 31]. As such, the undersigned **RECOMMENDS** that:

(1) the Court **FIND** Defendant, Revenue Reporting Services, to be in contempt of this Court;

(2) the Court **IMPOSE** a fine of $1,000.00 per day from October 29, 2014, until the date RRS complies with this Court's Order of October 21, 2014; and

(3) the Court **AWARD** Bealor $3,303.00 in additional attorney fees and costs related to enforcement of the judgment.

The undersigned also **RECOMMENDS** that the Court **DENY WITHOUT PREJUDICE** Bealor's supplemental motion for body attachment [Doc. No. 32].

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 4th day of February, 2015.

s/Christopher A Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
