# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| AMY BEALOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:13-CV-26-TLS |
| | ) | |
| REVENUE REPORTING SERVICES and | ) | |
| JASON SCHNECKENBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Plaintiff, Amy Bealor, has sued the Defendants for violations of the Fair Debt Collection Practice Act (FDCPA). Due to the Defendants' default, the Plaintiff has a judgment against Defendant Revenue Reporting Services (RRS) for $7,163.00 in statutory damages, actual damages, and attorney's fees and costs. There is no judgment against Defendant Jason Scheckenberger. This matter is now before the Court on a Report and Recommendation issued by Judge Christopher A. Nuechterlein with respect to various post judgment motions filed by the Plaintiff.

## BACKGROUND

On October 21, 2014, the Magistrate Judge granted the Plaintiff's Motion to Compel Responses to Post Judgment Discovery, ordering RRS to respond to the Plaintiff's post judgment discovery, or to pay the judgment in full by October 28, 2014. When RRS failed to respond to the discovery or to pay the judgment, the Plaintiff filed a Motion for Order to Show Cause, requesting that RRS be ordered to show cause why it should not be found in contempt for failure to comply with the court's order. The court ordered all parties to appear for a hearing. RRS did

not appear, and the Plaintiff requested attorney's fees and the issuance of a body attachment.

On February 4, 2015, the Magistrate Judge issued a Report and Recommendation setting forth a recommendation that the Court find RRS to be in civil contempt, to impose a fine of $1,000 per day from October 29, 2014, until the date RRS complies with the court's order to pay the judgment in full or respond to post judgment discovery, to award the Plaintiff $3,303 in additional attorney's fees and costs, and to deny without prejudice the Plaintiff's request for a writ of body attachment against Scheckenberger. No party has filed an objection to the Magistrate Judge's Report and Recommendation.

## DISCUSSION

**A.     Standard of Review**

This Court's review of the Magistrate's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C) which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

**B.     Execution of Judgment**

According to Federal Rule of Civil Procedure 69, "a money judgment is enforced by a write of execution, unless the court directs otherwise." Further, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to

the extent it applies." Fed. R. Civ. P. 69(a)(1). Rule 69 allows a judgment creditor to "obtain discovery from any person—including the judgment debtor" in "aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). This includes the use of any discovery mechanisms provided under state practice. *Id.*

This action is pending in Indiana, and the Plaintiff has not suggested that a federal statute governs the collection of her judgment under the FDCPA. Indiana Trial Rule 69(E) governs proceedings supplemental:

> **(E) Proceedings supplemental to execution.** Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:
>
> (1) that the plaintiff owns the described judgment against the defendant;
>
> (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;
>
> (3) that the defendant be ordered to appear before the court to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,
>
> (4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.
>
> If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.
>
> The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The

3

> date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. Trial R. 69(E); *see Keaton v. Fort Wayne Neurosurgery*, 780 N.E.2d 1183, 1185 (Ind. Ct. App. 2003) (explaining that proceedings supplemental are a mere continuation of the underlying claim on the merits, which are initiated by verified motion under the same cause number and in the same court which entered judgment against the defendant). Additionally, the requirement that a debtor have been "served notice of a proceedings-supplemental hearing," is a prerequisite to the issuance of a body-attachment warrant against a judgment debtor. N.D. Ind. L.R. 69-4(a)(1).

## C.   Report and Recommendation

Here, the Plaintiff has not filed a verified motion for proceedings supplemental meeting the requirements of Indiana Trial Rule 69(E). The first motion the Plaintiff filed after obtaining the judgment was a Motion to Compel Responses to Post-Judgment Discovery related to Interrogatories she directed toward the discovery of assets and potential transfers of real and personal property. Although the Motion references Federal Rule of Civil Procedure 69, and although interrogatories are a proper discovery mechanism, the Plaintiff has not provided the proper sworn statements or otherwise attempted to initiate proceedings supplemental in accordance with Indiana law. "[A] proceeding supplemental offers the judgment creditor judicial resources 'for discovering assets, reaching equitable and other interest[s] not subject to levy and sale at law and to set aside fraudulent conveyances.'" *Rose v. Mercantile Nat'l Bank of*

4

*Hammond*, 868 N.E.2d 772, 775 (Ind. 2007) (quoting *McCarthy v. McCarthy*, 297 N.E.2d 441, 444 (1973)). Where no proceedings in aid of execution have been instituted, the Plaintiff has not established that she is entitled to the judicial resources that are now being sought— imposition of civil contempt and a $1,000 a day fine, award of attorney's fees, and issuance of writ of body attachment.

Based on the foregoing, the Court adopts the Magistrate Judge's recommendation to deny the Supplemental Motion for Body Attachment. The Court rejects the recommendation to find RRS in civil contempt and award attorney fees to the Plaintiff. The motions are denied without prejudice and with leave to refile if appropriate after the initiation of proceedings supplemental.

## CONCLUSION

For the reasons stated above, the Court ACCEPTS IN PART and REJECTS IN PART the Report and Recommendation [ECF No. 33]. The Motion for Order to Show Cause [ECF No. 26] is DENIED WITHOUT PREJUDICE, the Plaintiff's Supplemental Petition for Attorneys' Fees [ECF No. 31] is DENIED WITHOUT PREJUDICE, and the Supplemental Motion for Body Attachment [ECF No. 32] is DENIED.

SO ORDERED on September 28, 2015.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT
                                         FORT WAYNE DIVISION